## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SAMANTHA KOON,                              *

           **Plaintiff,**                        *

         **vs.**                              *        **Civil Action No.  ADC-15-3504**

CAROLYN W. COLVIN,                          *
Acting Commissioner,
Social Security Administration,             *

        **Defendant.**                       *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION GRANTING DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT

On November 18, 2015, Samantha Koon ("Plaintiff") petitioned this court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and each parties respective motions for summary judgment (ECF Nos. 14, 15), the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED, and the decision of the Social Security Administration is AFFIRMED.

### CASE BACKGROUND

On November 29, 2011, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. In both claims, Plaintiff alleged disability beginning on January 12, 2011. Both claims were denied initially and upon reconsideration on March 22, 2012 and November 20, 2012, respectively. Subsequently, on December 18, 2012, Plaintiff filed a written request for a hearing. On July 2,

2014, a hearing was held before an Administrative Law Judge. Following that hearing, on August 7, 2014, the ALJ rendered a decision determining that Plaintiff "has not been under a disability, as defined by the Social Security Act, from January 12, 2011, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g))." ECF No. 11 at 34. Thereafter, Plaintiff requested review of the decision and, on October 14, 2015, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the Commissioner. *See* C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-7 (2000).

On November 18, 2015, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's final decision.[1] On March 10, 2016, Plaintiff filed a Motion for Summary Judgment. On May 12, 2016, Defendant filed a Motion for Summary Judgment. This matter is now fully briefed and the Court has reviewed Plaintiff's Motion for Summary Judgement as well as Defendant's Motion for Summary Judgment.

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within the meaning of the Social Security Act. The term "disability," for purposes of the Social Security Act, is defined as the "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his

---

[1] On July 6, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that, "[i]f at any step a finding of disability or non-disability can be made, the [Commissioner] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the Commissioner considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the Commissioner considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

At step three, the Commissioner considers the medical severity of the impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the presumptively disabling impairments listed in the Code of Federal Regulations, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

At step four, the Commissioner will assess the claimant's residual functional capacity ("RFC") to determine the claimant's ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

At steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *see also Radford*, 734 F.3d at 291. At step five, the burden shifts to the Commissioner to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012); *See also Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date of January 12, 2011. ECF No. 11 at 25. At step two, the ALJ found that Plaintiff had the following severe impairments: schizoaffective disorder, depressive disorder, rule out bipolar disorder, anxiety, and unspecified psychosis. *Id* at 26. At step three, the ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically

equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt P, App. 1. *Id.* At

step four, the ALJ determined Plaintiff's residual functional capacity and concluded that Plaintiff

was unable to perform any past relevant work. *Id.* at 33. However, at step five, the ALJ

determined that, "considering the claimant's age, education, work experience, and residual

functional capacity, the claimant is capable of making a successful adjustment to other work that

exists in significant numbers in the national economy." *Id.* at 34. Thus, the ALJ concluded that,

"[a] finding of 'not disabled' is therefore appropriate under the framework of the above-cited

rule [Medical-Vocational Rule 202.21]." *Id.*

### STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42

U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)

(internal quotation marks omitted). However, the Court does not conduct a de novo review of the

evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The

duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *see

also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a de novo review

of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court

disagrees, so long as it is supported by substantial evidence."). Therefore, the issue before the

reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that

[Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a

correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)

("Under the Social Security Act, [a reviewing court] must uphold the factual findings of the

[ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.").

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d at 653 (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted).

## PLAINTIFF'S ARGUMENTS RAISED

The ALJ in the present case found that Plaintiff had the residual functional capacity to perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) with specific assigned limitations. Plaintiff contends that the ALJ erred in her determination of Plaintiff's residual functional capacity when she; (1) afforded little weight to the opinions of Plaintiff's treating psychiatrists; and (2) failed to pose a hypothetical question that represented all of Plaintiff's substantiated impairments during the testimony of the Vocational Expert ("VE"). Plaintiff's arguments are addressed below.

## DISCUSSION

A. **The ALJ did not err when she afforded little weight to the opinions of Plaintiff's treating psychiatrists.**

Where a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must then assess the claimant's residual function capacity ("RFC"). RFC

assesses the "maximum degrees to which the individual retains the capacity for sustained performance of the physical—mental requirements of jobs." 20 C.F.R. 404, Subpart P, App.2 § 200.00(c). Plaintiff argues that the ALJ, in determining Plaintiff's RFC, erroneously discredited the opinions of Plaintiff's treating psychiatrists, Dr. Wimmer and Dr. Saeed. Plaintiff's argument lacks merit.

Under the treating physician rule, an ALJ must generally give more weight to a treating physician's opinion. See 20 C.F.R. § 404.1527(c)(2). However, where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence it should be afforded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (superseded by statute on other grounds). Moreover, an ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(1). If a treating source's opinion is not given controlling weight, the ALJ must consider the following factors in deciding the appropriate weight to give the treating physician's opinion: (1) length and frequency of treatment relationship; (2) nature and extent of treatment; (3) supportability, consistency, specialization, and (4) any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1-6). An ALJ need not apply these factors in a mechanical fashion, so long as the ALJ articulates the reasoning behind the weight accorded to the opinion. *Carter v. Astrue*, 2011 WL 3273060, at 6 (D. Md. July 27, 2011).

Following a review of the medical evidence in Plaintiff's case, the ALJ assigned little weight to the opinions of both of Plaintiff's treating psychiatrists, Dr. Wimmer and Dr. Saeed ECF No. 11 at 31-33. In making this determination, the ALJ reasoned that both the opinions of Dr. Wimmer and Dr. Saeed were "inconsistent with the record as a whole, which as discussed in detail above, supports a finding of no more than moderate restrictions." *Id.* at 32. In addition, the

ALJ noted that, "[t]he clinical findings cited to by Dr. Wimmer for support of his opinion appears to be based upon the claimant's subjective complaints, as opposed to examination or treatment notes" and that, "Dr. Saeed's opinion did not cite any treatment or examination notes for support and is inconsistent with the treatment record, which showed improvement, and the claimant's own admission of feeling better during a May 22, 2014 visit." *Id.* The ALJ additionally stated that, "[a]lthough the claimant saw Dr. Wimmer on ten different occasions, his treatment notes lacked any detailed examination notes." *Id.* Likewise, the ALJ noted that Dr. Saeed "admittedly only began treating the claimant on April 24, 2014." *Id.*

In addition, the ALJ's decision with respect to Plaintiff's RFC was supported by substantial evidence in the record. In particular, the ALJ articulated that:

> (…) the claimant takes care of her sons, reported an ability to cook, do laundry and go outside alone, treatment notes indicated that she arrived to her appointments alone, she reported an ability to shop, attend church, spend time with family and friends and that she had never been fired from a job because of problems getting along with others., she provided coherent answers to all questions asked at the hearing and she admitted that she is able to read the newspaper, add, subtract, count change and handle changes in routine.

*Id.* at 32-33. Furthermore, the ALJ's determination with regard to Plaintiff's RFC was consistent with the opinions of two examining Disability Determination Services ("DDS") psychologists, Dr. E. Edmunds and Dr. Alicia Maki, both of whom determined that Plaintiff was capable of performing "simple tasks on a sustained basis, in settings with limited social interactions." *Id.* at 80, 99. Thus, the Court finds that the ALJ's decision to afford less weight to the opinions of Plaintiff's treating psychiatrists was supported by substantial evidence in the record.

**B. The ALJ properly relied on the testimony of the Vocational Expert at step five of the sequential evaluation.**

Plaintiff's next takes issue with the ALJ's conclusion at step five of the sequential evaluation, that Plaintiff retained the limited functional capacity to perform jobs that existed in

the workforce, which was based in large measure on the testimony provided by the VE at Plaintiff's hearing. See ECF No.11 at 33-34. Plaintiff argues that the ALJ erred in using that testimony as the basis for her disability determination because it was based on a response to a hypothetical question that did not adequately consider all of Plaintiffs substantiated impairments: in particular, Plaintiff's alleged absenteeism. The Court disagrees.

In fashioning an appropriate hypothetical question for a vocational expert, the ALJ is required to include all of a claimant's impairments and limitations which the ALJ finds credible and that are supported by substantial evidence in the record as a whole. *See Chester v. Mathews*, 403 F.Supp. 110 (D.Md.1975). Thus, an ALJ's decision is not supported by substantial evidence where the disability determination was based on vocational examiner testimony given in response to a hypothetical question that did not include all limitations supported by the medical evidence on record. *Stephens v. Secretary of Health, Education and Welfare*, 603 F.2d 36 (8th Cir.1979).  On the other hand, it is not required that an ALJ include claimed impairments that are unsupported by objective medical evidence in the hypothetical conveyed to the VE. *See Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2011).

In the present case, all of the limitations in Plaintiff's RFC were properly included in the ALJ's hypothetical to the VE. At step four of the sequential evaluation, the ALJ determined that:

> [C]laimant has the residual functional capacity to perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) except she needs reminders of tasks one time per day, would require close supervision (checking on a person's work one to two times per day), could not work with the public, could perform simple and routine tasks in a low stress work environment with occasional decision making and occasional changes in the work setting and due to side effects of medication would be off task 5% of the workday.

*Id.* at 28-29. Consistent with that conclusion, the ALJ at Plaintiff's hearing posed the following hypothetical to the VE:

ALJ: -- before we close up. If you take a person the same age as the claimant, same education, same vocational profile and at the light exertional level. No working with the public, reminder of tasks one time per day, requires close supervision, simple, routine tasks and in a low stress environment with occasional decision making and occasional changes in work setting and due to side effects of medications would be off task five percent of the workday. Would a person with these limitations be able to do any of the claimant's past relevant work?

*Id.* at 59-60.

Furthermore, the objective medical evidence did not support an absenteeism limitation in Plaintiff's case. First, both examining DDS psychologists concluded that "[c]laimant would be able to complete a normal workweek without undue interruption from psych symptoms." ECF No. 11 at 88, 107. Second, as the ALJ noted in her written decision, "the record [was] void of any evidence indicating any inpatient care, partial hospitalizations or emergency treatment associated with decompensation", nor was there any evidence that Plaintiff had difficulty attending jobs, appointments, or other obligations. *Id.* at 27-28.

In fact, the only support for an absenteeism limitation came from Plaintiff's treating psychiatrists, whose ultimate opinions with respect to Plaintiff's RFC were assigned little weight. In response to Dr. Wimmer's contradictory conclusion that Plaintiff experienced episodes of decompensation that would result in Plaintiff missing more than three days of work per month, the ALJ reasoned that "[t]he clinical findings cited to by Dr. Wimmer for support of his opinion appears to be based upon claimant's subjective complaints, as opposed to examination or treatment notes." *Id.* at 32. Likewise, in response to the opinion of Dr. Saeed that "[claimant] would miss four or more days of work per month", the ALJ stated that "Doctor Saeed's opinion did not cite to any treatment or examination notes for support and is inconsistent with the treatment record, which showed improvement, and the claimant's own admission of feeling better during a May 22, 2014 visit. More importantly, this opinion is inconsistent with the record

as a whole, which as discussed in detail above, supports a finding of no more than moderate restrictions." *Id.* at 32.

Thus, the Court finds that Plaintiff's alleged limitation was reasonably discounted by the ALJ because it was inconsistent with the objective medical evidence. Therefore, the ALJ's reliance on the testimony of the Vocational Expert at step five of the sequential evaluation was proper.

### CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Social Security Act. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is DIRECTED to close this case.

Date: July 25, 2016

A.  David Copperthite
United States Magistrate Judge